## EQUITABLE LIFE ASSUR. SOC. *v.* HENDERSON.

(Division A. Feb. 8, 1937. Suggestion of Error Overruled, Mar. 8, 1937.)

[172 So. 321. No. 32569.]

**Watkins & Eager**, of Jackson, and **W. C. Sweat**, of Corinth, for appellant.

**G. C. Moreland,** of Corinth, for appellee.

Argued orally by **W. H. Watkins, Jr.,** for appellant.

**Cook, J.,** delivered the opinion of the court.

Appellant, Equitable Life Assurance Society, issued a group insurance policy covering the employees of the

Weaver Pants Corporation; and, on August 22, 1933, in pursuance of the terms of the master policy, it issued an individual certificate of insurance covering the life of the appellee, Mrs. Ida Henderson, an employee of the Weaver Pants Corporation, which provided that disability benefits should be paid in the event she should, after one year from the effective date of the policy and before attaining the age of sixty years, become totally and permanently disabled by bodily injury or disease so as to be thereby continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value.

In March, 1935, the appellee filed this suit, seeking to recover benefits provided in this policy for total and permanent disability alleged to have occurred on or about September 1, 1934, as a result of tuberculosis. In the circuit court the cause was heard before the judge without a jury, and, upon the proof offered to establish disability, the court held that the appellee became totally and permanently disabled on the 30th of August, 1934; or, in other words, that she did not become so disabled until after August 22, 1934, the effective date of the disability provisions of the policy.

As bearing upon her disability and the time when it became total and permanent, the appellee testified that she suffered an attack of pneumonia in January, 1934, and did not work for a period of about five weeks, but that, with this exception, she worked regularly at the factory of the Weavers Pants Corporation until July 27, 1934, when the entire section or crew with which she was working was laid off until the 1st of October, 1934.

Appellee also offered her physician as a witness, who testified that when he examined appellee for the first time, on August 30 and 31, 1934, she had about two degrees of fever and was suffering from pulmonary tuberculosis, and was, in his opinion, totally disabled for the performance of any labor. He further testified that from

the condition in which he found the appellee and the history of the case as furnished by her it was his opinion that she had been totally disabled for several months.

In the original brief of counsel for appellant, it is stated that under the insurance certificate issued to appellant ''she was insured against death and total and permanent disability caused from injury or disease contracted one year after the issuance of the certificate;'' and the argument and citation of authorities seem to be addressed throughout to the establishment of the proposition that there was no liability, for the reason that the disease resulting in disability was contracted before August 22, 1934, the effective date of the disability provisions of the policy.

The disability provisions of the policy here involved do not limit liability to disability resulting from disease ''contracted'' after the effective date thereof, but benefits are therein provided for total and permanent disability occurring after the effective date thereof. The decisive question here is whether or not the appellee became totally and permanently disabled after August 22, 1934, and not whether the disease which finally resulted in such disability originated or was contracted after that date. That the appellee contracted tuberculosis prior to August 22, 1934, is not open to question upon the proof in this record.

The burden was upon the appellee to prove, not only that she was totally and permanently disabled after August 22, 1934, but also that she did not become so disabled before that date. While the appellee testified that she was able to work until July 27, 1934, the record is wholly silent as to her condition from that date until August 30, 1934, when she first discovered that she was suffering from tuberculosis. There is nothing in the testimony of appellee's physician from which the inference can be drawn that there was any material change in appellee's physical condition during the eight days

intervening between the effective date of the disability provisions of the policy and that discovery of the nature and extent of the disease on August 30, 1934—in fact, this physician testified that, in his opinion, she had been totally disabled for a much longer period of time. There was no other evidence bearing upon the point, and we are of the opinion that appellee failed to meet the burden of showing that she was entitled to payments under the stipulations of the policy, and therefore the judgment of the court below will be reversed and judgment will be entered here for the appellant.

Reversed and judgment for appellant.